■ BRONX HOSPITAL v. LEON J. DAVIS, Individually and as President of Local 1199, Retail Drug Employees Union, et al.— Motion granted. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ LENOX HILL HOSPITAL v. LEON J. DAVIS, Individually and as President of Local 1199, Retail Drug Employees Union, et al.— Motion granted. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ BETH DAVID HOSPITAL v. LEON J. DAVIS, Individually and as President of Local 1199, Retail Drug Employees Union, et al.— Motion granted. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ MOUNT SINAI HOSPITAL, INC., v. LEON J. DAVIS, Individually and as President of Local 1199, Retail Drug Employees Union, et al.— Motion granted. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ BETH ISRAEL HOSPITAL ASSOCIATION v. LEON J. DAVIS, Individually and as President of Local 1199, Retail Drug Employees Union, et al.— Appeal from order granting injunction *pendente lite* dismissed as moot. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ BRONX HOSPITAL v. LEON J. DAVIS, Individually and as President of Local 1199, Retail Drug Employees Union, et al.— Appeal from order granting injunction *pendente lite* dismissed as moot. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ LENOX HILL HOSPITAL v. LEON J. DAVIS, Individually and as President of Local 1199, Retail Drug Employees Union, et al.— Appeal from order granting injunction *pendente lite* dismissed as moot. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ BETH DAVID HOSPITAL v. LEON J. DAVIS, Individually and as President of Local 1199, Retail Drug Employees Union, et al.— Appeal from order granting injunction *pendente lite* dismissed as moot. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ MOUNT SINAI HOSPITAL, INC., v. LEON J. DAVIS, Individually and as President of Local 1199, Retail Drug Employees Union et al.— Appeal from order granting injunction *pendente lite* dismissed as moot. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

## (June 25, 1959)

■ In the Matter of the Arbitration between ACADIA COMPANY, INC., Appellant, and IRVING EDLITZ, Respondent.

APPEAL from an order of the Supreme Court at Special Term, entered April 3, 1959, in New York County, which denied a motion by petitioner for an order to stay an action instituted by respondent against petitioner in the Municipal Court of the City of New York, Borough of Manhattan, and to compel the parties to submit to arbitration.

Order affirmed, with $20 costs and disbursements to respondent.

RABIN, J. (dissenting). I dissent and would grant petitioner's motion to stay the action instituted by respondent in the Municipal Court. The original contract of employment was in writing and contained an arbitration clause. While the contract does contain a provision that it may not be changed except by mutual consent in writing, nevertheless, by orally extending the term of employment both parties must be deemed to have waived that provision.

The fact that in agreeing orally to continue the employment there was no discussion resulting in any change in the terms of the written contract, would indicate an intention by the parties that the same terms were to continue. And this is borne out by respondent's assertion that " I negotiated with Harry